# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MAGUIRE<br>380 Lincoln Highway<br>Fairless Hills, PA 19030<br><br>    Plaintiff,<br><br>v.<br><br>LOAD RITE TRAILERS, INC.<br>265 Lincoln Hwy<br>Fairless Hills, PA 19030<br><br>    Defendant | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, James Maguire, is an adult individual residing at the above address.

2. Defendant, Load Rite Trailers Inc., ("Defendant") is a corporation organized and registered to do business in Pennsylvania, with a principle place of business at the above address.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. Mr. Maguire exhausted his administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964 and applicable state and federal law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Mr. Maguire was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8.     On or about June 29, 2020, Load Rite Trailers ("Defendant") hired Mr. James Maguire ("Plaintiff") as an Assembler. Mr. Maguire performed all duties asked of him without any complaints or issues.

9.     During his employment, Mr. Maguire was subjected to sexual harassment by his co-worker Tyler (LNU), a co-worker in the assembly area, and the Supervisor of Parts Dept- Vanessa Rodweller.

10.    Mr. Maguire was subjected to being called a "gay child molester" among other things on a daily basis. Tyler came over to him and said to him, "let him get in his ass."

11.    Ms. Rodweller would tell her employees that she wanted to sleep with Mr. Maguire.

12.    Mr. Maguire reported Tyler to Defendant's Human Resources ("HR") employee Margaret Willhouse, and also to Vito Addesa, the Vice President of Operations and to Supervisor Eric Watkins.

13.    Following this meeting, Ms. Willhouse sent Mr. Maguire a text message with information on private therapists and counselors, and advised him on calling a suicide hotline and visiting the Lower Bucks Crisis Center.

14.    No action was taken and the sexual harassment from both Tyler and Mr. Rodweller towards Mr. Maguire continued.

15. After Mr. Maguire reported the sex harassment from Tyler to Human Resources, the entire plant began to call him a gay child molester.

16. In or around July of 2022, after dealing with the work-place harassment for over a year, Mr. Maguire finally could not take anymore, suffered a mental breakdown and was hospitalized at the Lower Bucks County Psych Ward.

17. On or around July 29, 2022, Eric Watkins terminated Mr. Maguire's employment.

18. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**HARASSMENT**

19. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

20. Plaintiff had to endure pervasive and regular harassment, antagonism and sexual harassment and sex-based discrimination from co-workers Tyler (LNU) and the Supervisor of the Parts Department, Vanessa Rodweller.

21. The sex-based harassment that Plaintiff suffered was unwelcomed and unreciprocated by Plaintiff.

22. An employer is vicariously liable for a hostile work environment created by a supervisor.

23. This harassment detrimentally affected Plaintiff in that, among other things he suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to his life because of Defendant's actions.

24. The harassment by Tyler (LNU) and Ms. Rodweller would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

25. The harassment of Plaintiff by Defendant's employees was willful and intentional.

26. Plaintiff endured the offensive conduct because it was a condition of his continued employment.

27. Defendant's conduct was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

28. Despite Plaintiff complaining about these issues he was having with Tyler (LNU) and Ms. Rodweller, no meaningful remedial action was taken with respect to the harassment.

29. This willful, intentional, and unlawful sex-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*. and requires the imposition of punitive damages.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**RETALIATION**

30.    Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

31.    At set forth above, Plaintiff made complaints about Tyler (LNU) and Ms. Rodweller concerning the sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

32.    Defendant took adverse action against Plaintiff by terminating his employment.

33.    As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

34.    As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

35.    As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

36.    As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

37.    Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, James Maguire, demands judgment in his favor and against Defendant, Load Rite Trailers, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:   /s/Mary LeMieux-Fillery, Esq.
**MARY LEMIEUX-FILLERY, ESQUIRE**
(P.A. ID 312785)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: (267) 546-0132
Telefax: (215) 944-6124
Email: Maryf@EricShore.com
*Attorney for Plaintiff, James Maguire*

Date: April 21, 2023

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

4/21/2023

(Date Signed)

Electronically Signed — 2023-04-20 17:57:51 UTC - 73.30.227.47
Nintex AssureSign® — b2b93f3a-8807-438f-afea-afea0125404d

James Maguire